# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DUSTIN JENKINS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:18-cv-01393-RDP |
| **XPO LOGISTICS SUPPLY CHAIN INC,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

On March 23, 2020, at Plaintiff's request, the court held a Rule 16 pre-trial settlement conference, where the court discussed, among other things, Defendant's pending Motion for Summary Judgment. (Doc. # 22); FED. R. CIV. P. 16(a)(5) ("In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as[] . . . facilitating settlement."). The Motion is fully briefed and ripe for review. (Docs. # 22, 23, 27, 28).

For the reasons stated at the settlement conference, Defendants Motion for Summary Judgment (Doc. # 22) is due to be granted in part and denied in part. To the extent Plaintiff's Complaint (Doc. # 14) seeks to assert a claim for negligent/wanton hiring, training and supervision, Defendant's Motion (Doc. # 22) is due to be granted, and those claims are due to be dismissed. But, Plaintiff's negligence claim, as well as Defendant's contributory negligence defense, present genuine issues of material fact, and Defendant's Motion (Doc. # 22) is due to be denied as to Plaintiff's negligence claim. For the reasons discussed below, Plaintiff's wantonness claim is also due to be dismissed.

As background, the court provides a brief factual summary of the events that form the basis of Plaintiff's Complaint. Plaintiff Dustin Jenkins ("Plaintiff" or "Jenkins") is a certified commercial truck driver, and a resident of Queen City, Texas. (Doc. # 14 at ¶ 1). Defendant Jacobson Warehouse Company, Inc. (doing business as XPO Logistics Supply Chain) owns a commercial loading facility in Shorewood, Illinois. (*Id.* at ¶ 3). Plaintiff was hired by Defendant to haul cargo from the Defendant's Shorewood, Illinois facility to the Dollar General Distribution Center in Bessemer, Alabama. (*Id.* at ¶ 6).

On June 26, 2018, Plaintiff arrived at Defendant's Illinois facility to pick up a load of sixty pallets of Hostess food products. (*Id.* at ¶¶ 5, 7). Upon arrival at the facility, Plaintiff parked his truck and followed check-in procedures. (*Id.* at ¶ 9). After check-in was complete, Plaintiff's trailer was loaded by Defendant's employees. Plaintiff did not assist the workers in loading the cargo. (*Id.*). Once the cargo loading was complete, an XPO representative placed a seal on the trailer. (Doc. # 23-1 at 24-25)

Plaintiff testified that the drive from Defendant's facility to the Dollar General Distribution Center was over 700 miles and took between nine and ten hours of driving time. (*Id.* at 25). When Plaintiff arrived at the Bessemer facility, he checked in and proceeded to his assigned loading dock. (Doc. # 14 at ¶ 9). While in the process of setting up to back into the loading dock, Plaintiff proceeded to open the trailer doors. (*Id.*). Plaintiff was unaware the pallets had shifted during the trip, and when he opened the hatch he was struck with the shifted load. (*Id.*). Plaintiff was transported to UAB by ambulance and was treated for a broken femur. (Doc. # 23 at 12).

Under Alabama law, to establish wanton conduct, a plaintiff must establish a high degree of culpability.[1] *Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1220 (M.D. Ala. 2015). Wantonness has been defined by the Alabama Supreme Court "as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998) (citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994)). "While negligent conduct is characterized by 'inattention, thoughtlessness, or heedlessness' and 'a lack of due care,' *Monroe v. Brown,* 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004), wantonness is characterized by 'a conscious act.'" *Craft*, 107 F. Supp. 3d at 1220 (quoting *Ex parte Essary,* 992 So.2d 5, 9 (Ala. 2007) (internal citations omitted)).

Alabama courts will allow a jury to determine whether conduct was wanton if there is any evidence that would allow that determination. *Craft*, 107 F. Supp. 3d at 1221 (citing *Cash v. Caldwell,* 603 So.2d 1001, 1003 (Ala. 1992) ("Wantonness is a question of fact for the jury, unless there is a total lack of evidence from which the jury could reasonably infer wantonness.")). "This determination of consciousness or recklessness underlying the question of wantonness may rely on inferences drawn from the circumstances." *Craft*, 107 F. Supp. 3d at 1221 (citing *Klaber v. Elliott,* 533 So.2d 576, 579 (Ala. 1988). In federal court, of course, a plaintiff must put forth substantial evidence in the Rule 56 record to avoid summary judgment. FED. R. CIV. P. 56.

Here, the record does not contain any evidence (much less substantial evidence) that would allow a jury to determine that Defendant or Defendant's employees acted wantonly. As Defendant's argue "Plaintiff's First Amended Complaint, alternatively alleges that both XPO and

---

[1] The Alabama Code defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6-11-20.

its employees 'wantonly loaded and secured [the subject] cargo[]'" but :

> A review of the record in the case at bar reveals that – other than the fact that the load was not strapped or barred after loading was complete (and that that the cargo fell on top of [Plaintiff] while he was opening the doors in preparation for unloading in Bessemer) – there is no evidence that the cargo in question was loaded negligently, much less with knowledge that the likely or probabl[e] result [would] be injury.
>
> * **
>
> [O]ther than the fact that straps and load locks were not used in this instance – because Plaintiff failed to supply XPO with the required straps and load locks – Plaintiff's claims are based solely on the fact that the load shifted during transport, and fell on top of the Plaintiff as he was preparing to unload. Notwithstanding the fact that this res ipsa based theory of simple negligence/liability is also fundamentally flawed, it is clearly insufficient to establish that XPO or its employees acted wantonly, or with a clear disregard for Plaintiff's safety.

(Doc. # 23 at 15-16) (internal citations and quotations omitted).

In opposition, Plaintiff argues that there is substantial evidence creating a material question of fact as to Defendant's wantonness because the employees loading the truck "chose not to seek out Plaintiff and ask for straps/locks." (Doc. # 27 at 25). According to Plaintiff, this "choice" by Defendant's employees demonstrates wantonness. (Doc. # 27 at 25-26). But Plaintiff testified that it was the carrier's duty (*i.e.*, his duty) to bring straps and/or load locks. (Doc. # 23-1 at 16).

Despite Plaintiff's arguments to the contrary, the record is clear. Plaintiff knew of his obligation to provide the necessary straps/locks but failed to provide them. There may (or may not) have been a sufficient explanation as to why he did not.  Similarly, Plaintiff's allegations that Defendant and Defendant's employees "chose" not to seek out Plaintiff and ask for straps/locks may raise an issue of negligence (that is also for a jury to decide) but it is not sufficient to create a genuine issue of material fact concerning wantonness. To support a claim of wantonness, the substantial evidence provided by Plaintiff must support an inference that the defendant engaged in conscious conduct, or in knowing disregard, that was likely to cause injury. Plaintiff has not pointed to substantial evidence that would allow a jury to determine, consistent with Rule 56 and

Alabama law, that Defendant and Defendant's employees had the requisite level of consciousness and awareness that not asking for the straps was likely to cause injury. Simply put, "[i]f mere inattention, *without something more that contributes to the accident,* that is, *without some exacerbating circumstance,* could constitute wantonness, then the concepts of negligence and wantonness would collapse into one." *Craft*, 107 F. Supp. 3d at 1221 (emphasis in original).

Accordingly, Defendant's Motion for Summary Judgment (Doc. # 22) on Plaintiff's wantonness claim is due to granted.

**DONE** and **ORDERED** this April 15, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE